STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Michael D. Hicks,**
**Petitioner Below, Petitioner**

**FILED**

August 29, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0113** (Kanawha County 12-MISC-576)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael D. Hicks, appearing *pro se*, appeals the January 15, 2014, order of the Circuit Court of Kanawha County that denied his instant petition for a writ of habeas corpus. Respondent warden, by counsel Laura Young, filed a response. Petitioner filed a reply

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1994, petitioner was indicted for the murder of Terrance Spencer. Petitioner was convicted of first degree murder; however, this Court reversed the conviction. *See State v. Hicks*, 198 W.Va. 656, 482 S.E.2d 641 (1996). While it based the reversal on other grounds, the Court rejected petitioner's assignment of error that the evidence was insufficient to support his conviction. *Id.* at 666, 482 S.E.2d at 651. The Court explained that the jury could have properly considered the discrepancies in the testimony of the two eye witnesses and still concluded that their testimony was truthful. *Id.* Accordingly, the Court concluded that "a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *Id.*

At petitioner's 1998 retrial, the two witnesses, Terri Bannister and Carli Campbell, testified that they witnessed petitioner shooting the victim in the back of the head, strangling him with a belt or belts, and suffocating him with a garbage bag.[1] The witnesses testified that petitioner killed the victim because the victim had cheated Ms. Bannister, who was petitioner's girlfriend at the time, out of money Ms. Bannister gave the victim to purchase drugs.

---

[1] Ms. Bannister's testimony was actually her testimony from the first trial; it was read to the jury because she failed to appear at the second trial despite being subpoenaed.

Lt. Howard Brent Myers, a forensic scientist with the West Virginia State Police Crime Lab ("state crime lab"), testified that blood found on a tennis shoe and wall trim at the crime scene could have come from either Ms. Bannister or petitioner. Ms. Bannister, who testified pursuant to a plea bargain, testified that she helped dispose of the victim's body. Also, both petitioner and Ms. Bannister lived at the location where the murder occurred.

Petitioner denied that he killed the victim or that he was even present during the murder. Petitioner asserted that Ms. Bannister and Ms. Campbell conspired to blame the murder on him. The jury at the retrial found petitioner guilty of first degree murder and did not recommend mercy. Accordingly, petitioner was sentenced to a life term in prison without the possibility of parole. This Court refused petitioner's appeal.

Petitioner filed his first petition for a writ of habeas corpus in 2001. Petitioner received an omnibus hearing on March 11, 2004, and as an additional part of the habeas proceeding, petitioner's counsel requested that Lt. Myers perform more precise DNA testing on the blood found on the tennis shoe and wall trim. (In the intervening years, DNA testing had improved.) The new test showed that the blood belonged to Ms. Bannister, and not to petitioner. On May 10, 2004, the circuit court denied petitioner's petition. The court found that given all of the evidence and testimony, "[t]he results of the DNA testing presented as a part of this case did not call the jury's verdict into question." Petitioner appealed the denial of his petition. This Court refused his appeal on January 20, 2005.

In 2006, petitioner filed a second habeas petition based on *In the Matter of Renewed Investigation of the State Police Crime Laboratory, Serology Division*, 219 W.Va. 408, 633 S.E.2d 762 (2006). Petitioner argued that Lt. Myers's trial testimony about the blood was false and that the State did not test all items that should have been tested. Petitioner was appointed counsel and given another hearing on February 23, 2007. Lt. Myers testified with regard to the results of the DNA testing. Lt. Myers testified that he conducted DNA testing, not serological testing, on the evidence offered against petitioner. In addition, Lt. Myers testified that certain evidence was not tested because there was not a great likelihood of obtaining results from the evidence based on the type of DNA testing used at that time or because there was insufficient amounts of material to test. On January 7, 2008, the circuit court denied petitioner's second habeas petition. The circuit court found that DNA evidence rather than serology evidence was offered against petitioner at trial. The circuit court also found that petitioner did not allege that the DNA testing was falsified in any way. The circuit court concluded, for a second time, that the result of the more recent DNA testing did not call into question the jury's verdict. Petitioner filed an appeal, which this Court refused on September 9, 2008.

Petitioner filed the instant habeas petition on October 31, 2012, alleging that counsel provided ineffective assistance in his first habeas proceeding by not developing his claim that more precise DNA testing should have been performed on the blood evidence. Petitioner was appointed counsel; however, counsel later withdrew because he concluded that petitioner wanted him to raise claims against prior habeas counsel that were frivolous and unethical. Petitioner moved to have substitute counsel appointed. Instead, the circuit court entered an order summarily dismissing the instant petition. The circuit court determined that petitioner's argument "hinges on

2

whether the more recently tested DNA evidence would have changed the jury verdict under a *Strickland v. Washington* analysis."[2] The circuit court found that the issue with regard to the more recent DNA testing had been finally adjudicated in the prior proceedings. Therefore, the circuit court concluded that petitioner was entitled to no relief.

Petitioner now appeals the circuit court's January 15, 2014, summary dismissal of his instant petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, in Syllabus Point 2 of *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court held as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

On appeal, petitioner asserts that rather than summarily dismissing the instant petition, the circuit court should have granted his motion for substitute counsel and conducted a habeas hearing for a third time. Respondent warden counters that the circuit court did not err in summarily dismissing the petition. We agree.

First, although petitioner alleges that first habeas counsel was ineffective, it was that counsel who requested that more precise DNA testing be performed on the blood evidence. The flaw in petitioner's position is that the fact that Ms. Bannister has been shown to be the sole source of the blood on the tennis shoe and wall trim does nothing to undermine the verdict against petitioner because (1) Ms. Bannister admitted that she helped dispose of the victim's body; and (2) Ms. Bannister also lived at the location where the murder occurred. Thus, confirmation that it was her blood on the items does not exculpate petitioner.[3] Second, in *Hicks*, this Court determined that

---

[2] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland* ).

[3] Petitioner suggests that the more recent DNA result could be used to impeach Ms.

the testimony of Ms. Bannister and Ms. Campbell was sufficient to support a guilty verdict because the jury could have properly considered the discrepancies in their respective accounts and still concluded that the testimony was truthful. For the aforementioned reasons, the more precise DNA result in the first habeas proceeding does not change that determination. Therefore, not only was petitioner's claim with regard to the more precise DNA result adjudicated in the prior proceedings, this Court also finds that the claim was adjudicated correctly. The Court concludes that the circuit court did not abuse its discretion in summarily dismissing petitioner's instant petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

Bannister's testimony because she testified that she was not aware of any person, other than the victim, bleeding at the time of the crime. We find such a use of the more recent DNA result—for impeachment purposes only—would not justify granting a new trial in the instant case. *See* Syl., *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979).